Scott's petition for a writ of mandamus is denied.

**In re INTERNATIONAL TRADE COMMISSION, Petitioner.**

No. 702.

United States Court of Appeals, Federal Circuit.

Aug. 2, 2002.

---

* We request that the Secretary inform this    court regarding the status of Scott's case.

Before LOURIE, GAJARSA, and LINN, Circuit Judges.

## ON PETITION FOR WRIT OF MANDAMUS

LOURIE, Circuit Judge.

### ORDER

The International Trade Commission (ITC) petitions for a writ of mandamus to direct the United States District Court for the District of New Jersey to vacate its order requiring the record of the ITC's investigation in Certain Lens–Fitted Film Packages to be transferred to the district court for disclosure to certain attorneys recently retained by defendant Jack C. Benun. Fuji Photo Film Co., Ltd. opposes. Jazz Photo Corporation et al. oppose. Benun opposes. Jazz Photo cross petitions for an order directing the district court to revise its order so that it is less restrictive.

Fuji filed a complaint in the ITC accusing various respondents, including Jazz Photo, of violating 19 U.S.C. § 1337 by their dealings with one-time-use cameras alleged to infringe one or more of Fuji's patents. On June 2, 1999, the ITC issued cease and desist orders and an exclusion order to, inter alia, Jazz Photo. On June 23, during the 60–day Presidential review period, Fuji filed a complaint in the district court against Jazz Photo and Jack Benun asserting the same patents. Within 30

days, Jazz Photo sought a stay of related discovery pending the resolution of Jazz Photo's appeal to this court. Eventually, a stay was entered. After this court decided Jazz Photo's appeal from the ITC, district court proceedings resumed.

When a request to transfer the ITC record pursuant to 28 U.S.C. § 1659 ensued, the district court allowed the ITC, which was resisting the transfer, to intervene for purposes of deciding the issue.* Ultimately, the district court crafted a decision "to accommodate to the greatest extent possible the concerns of the ITC about protecting the confidentiality of third-party business information contained in the Record." The district court's decision specifically excluded for use at trial any confidential third-party information where the third party does not consent and excluded discovery not entered into evidence in the ITC proceeding.

■ The traditional use of the writ of mandamus, see 28 U.S.C. § 1651(a), "has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). "Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Id.* at 36.

The ITC attacks the district court's order vigorously, essentially arguing that § 1659 is not applicable. We are not convinced that the ITC has shown "clearly and indisputably" that the district court's order is not proper. It is important to state at the outset what is at stake here. The attorneys who were initially involved in the district court case were also the attorneys involved in the ITC proceeding. As such, they had access to the documents at issue. It was only when a few additional attorneys entered appearances in the district court that an issue arose involving their access to documents that the others had. The district court's order did nothing more than allow a few attorneys, who are bound by protective orders, to review documents that the vast majority of attorneys involved in the case already may review.

---

* Section 1659 of 28 U.S.C. provides:

(a) Stay.—In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such a request is made within -

(1) 30 days after a party is named as a respondent in the proceeding before the Commission, or

(2) 30 days after the district court action is filed, whichever is later.

(b) Use of Commission record.—Notwithstanding section 337(n)(1) of the Tariff Act of 1930, after dissolution of a stay under subsection (a), the record of the proceeding before the United States International Trade Commission shall be transmitted to the district court and shall be admissible in the civil action, subject to such protective order as the district court determines necessary, to the extent permitted under the Federal Rules of Evidence and the Federal Rules of Civil Procedure.

The district court considered the ITC's arguments and carefully crafted an order that safeguarded the ITC's concerns.

 Jazz Photo, on the other hand, attacks the district court's order because it is too restrictive, i.e., the order will not allow use of certain documents without the consent of the third parties who provided the documents. We conclude that Jazz Photo, like the ITC, has not shown that the district court abused its discretion in crafting a decision designed to balance the rights and concerns of all the participants. In short, neither party has shown that it is entitled to issuance of a writ.

Accordingly,

IT IS ORDERED THAT:

(1) The ITC's petition is denied.

(2) Jazz Photo's petition is denied.

(3) Jazz Photo's motion to lift the temporary stay is moot.